UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUDY LYNN PRATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:18cv204 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB), as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since April 3, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: obesity; degenerative joint disease of the feet and knees; degenerative disc disease of the spine; gout; anxiety; and depression (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she requires the ability to change positions as needed, while remaining in each position at least 30 minutes. She should never climb ladders, ropes, or scaffolds; never work on slippery or uneven surfaces; and never crawl, kneel, stoop or crouch, other than as needed to sit or stand. She can occasionally climb ramps and stairs; and frequently handle, finger, and feel. She should avoid dangerous unprotected heights, and dangerous machinery, and she is unable to drive as a condition of employment. The claimant is limited to simple routine tasks; and she can interact with and react appropriately to supervisors, co-workers, and the general public on at least an occasional basis.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on January 14, 1970 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 3, 2015, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 14- 22).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on December 30, 2018. On February 21, 2019, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

At the time of her administrative hearing, Plaintiff was 47 years of age (Tr. 162), had an

eleventh grade education (Tr. 206), and had past relevant work as a finisher/molder, inspector, and palletizer (Tr. 36-41, 67, 206). Plaintiff testified that she could only stand twenty minutes before needing to sit down, and sit twenty minutes before experiencing burning in her lower back and a shooting pain down her leg (Tr. 62). She testified that she could lift ten pounds (*Id.*). Regarding her activities of daily living, Plaintiff indicated that she prepared simple meals (Tr. 52-53, 221, 230, 238, 444), did light housework (Tr. 52, 219, 221, 228, 230, 444), did some laundry (Tr. 54, 238), shopped for groceries (Tr. 222), and watched television (Tr. 52, 219, 223, 232).

Testifying as a vocational expert (VE), Charles McBee was asked to consider the availability of sedentary work for an individual of Plaintiff's age, education, and past work experience who would require the ability to change positions as needed during the course of day, while remaining either sitting or standing at least 30 minutes (Tr. 68). The ALJ added that the individual would be precluded from using foot pedals; could occasionally climb ramps and stairs but would be precluded from climbing ladders, ropes, and scaffolds; would need to avoid working on slippery or uneven surfaces; would be precluded from crawling, kneeling, stooping, or crouching, except as necessary to sit or stand; would need to avoid working at unprotected heights or around dangerous machinery; would be unable to drive as a condition of employment; would be limited to simple routine tasks; and could occasionally interact and react appropriately with supervisors, co-workers, and the general public (Tr. 68-69).

In response, the VE testified that such an individual would retain the capacity to perform the following sedentary jobs: address clerk, which offered approximately 80,000 jobs nationally; document preparer, approximately 150,000 jobs; and surveillance monitor, approximately

5

100,000 jobs (Tr. 69-70). The VE further indicated that his testimony was fully consistent with the Dictionary of Occupational Titles (DOT), with the exception of that aspect of his testimony pertaining to the sit/stand option; which the VE indicated he based on his experience and education, as well as his work in rehabilitation functional job analyses, job placement, job coaching, and his observation of how jobs are performed (Tr. 66, 69).

Plaintiff's sole argument in this case is that the ALJ's RFC assessment (Tr. 16-17) was not sufficiently clear as to whether the claimant was able to choose when to sit or stand or whether the position change was limited to 30-minute intervals.

However, it is clear that the ALJ unambiguously indicated that the individual described in his hypothetical would be permitted to change positions in the course of the day, but would remain in place (either in a sitting or standing position) for at least thirty minutes at a time (Tr. 68). Thus, the ALJ's hypothetical unequivocally assumed that the individual could change positions as much as necessary, as long as the position changes did not occur more frequently than every thirty minutes. The VE expressed no confusion regarding the ALJ's hypothetical nor did he ask the ALJ any questions about the hypothetical. Rather, the VE explained that, although the DOT does not address the ability to alternate between sitting and standing, he was still capable of responding to the ALJ's question by relying on his experience and education (Tr. 69). The VE further explained that his performance of various rehabilitation functional job analyses, his work in job placement and job coaching, and his observation of how jobs are performed enabled him to opine as to certain occupations that can or cannot be performed with a sit/stand option, such as that which the ALJ described (*Id.*).

Notably, Plaintiff was represented at the hearing by an attorney, who offered no challenge

6

to either the ALJ's hypothetical or to the VE's response. In fact, when asked by the ALJ, Plaintiff's counsel declined to ask the VE any questions (Tr. 72). It also is important to note that Plaintiff fails to assert that the evidence warranted a more restrictive RFC than that which the ALJ adopted. She simply maintains that the ALJ's sit/stand option was "vague." This court finds that the ALJ's RFC assessment is supported by the evidence and properly incorporates the sit/stand option. Accordingly, the ALJ's decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: May 3, 2019.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court